SARAH MARTINO, RESPONDENT, v. CORA KIRK, APPELLANT.

*Physician — licensed, under chapter 513 of 1880, in one county may practice in other counties of the State.*

Under chapter 513 of the Laws of 1880, where a physician, with the authority for so practicing, has once registered in the county in this State where he is practicing, or intends to commence the practice of medicine, he is authorized to practice anywhere within the State, and no new registry is necessary in order to authorize him to visit a patient in any other county of the State.

APPEAL by the defendant from a judgment, entered, after a trial at the Kings County Circuit, a jury having been waived, in the office of the clerk of the county of Kings on the 11th day of April, 1889, upon the decision of the justice, who found that the defendant was indebted to the plaintiff in the sum of $206.50.

*Geo. W. Stephens,* for the appellant.

*John Andrews,* for the respondent.

BARNARD, P. J.:

The plaintiff is a physician residing in Brooklyn ; the defendant lived at Mt. Vernon in Westchester county. The plaintiff made numerous visits to and treated the defendant as her physician at Mt. Vernon. The amount of the bill does not seem to be seriously disputed. The fact appears that the plaintiff was registered as a

physician in Brooklyn, but was not so registered in Westchester county.

It is proven that the plaintiff advertised in the Westchester county paper that she would meet patients on certain days at Mt. Vernon, where she had an office, for the purpose of treating persons for diseases. The plaintiff was under no obligation to register in Westchester county. She registered and had her office in Brooklyn. She was practicing in Kings county and duly registered there. Chapter 513, Laws of 1880, requires registry in the county where the physician is practicing or intends to commence the practice, with the " authority for so practicing." The practice referred to in the act is defined to be " within the State." The plain meaning of the law is, therefore, that the place of practicing is the place to register, and once registered the practice is legalized within the State. No new registry is needed to visit a patient out of the county. The fact that a physician gives two days in a week out of his county to see patients does not make a new practice in a new county, unless intended as a cover for a real change of place.

It is simply practicing medicine in Kings county with patients in another county. Even if the advertising an office in Westchester county was an offense, the plaintiff cannot avail herself of this fact. The contract with the plaintiff was not proven to be a Westchester contract.

The plaintiff was in Brooklyn two or three times and was treated there. The other visits were received at the plaintiff's own residence in Westchester county. She was never in the Westchester office, was never treated there, and it is not proven that the original contract came from the advertisement in Westchester county. There is no defense to the claim proven. (*Gay* v. *Seibold*, 97 N. Y., 472.)

The judgment should be affirmed, with costs.

DYKMAN, J., concurred PRATT, J., not sitting.

Judgment affirmed with costs.